FILED ___ LODGED
___ RECEIVED ___ COPY

AUG 29 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

**Daniel T. Doria,**

  Plaintiff,

v.

**DoorDash, Inc.,**

  Defendant.

Case No. CV25-08180-PCT-JJT

---

# PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION

---

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE _LRCiv P 5.4_
    (Rule Number/Section)

## INTRODUCTION

Plaintiff **Daniel T. Doria** ("Plaintiff"), appearing pro se, respectfully moves this Court pursuant to **Federal Rule of Civil Procedure 65** for a **Temporary Restraining Order ("TRO")**, a **Preliminary Injunction**, and a **Permanent Injunction** enjoining Defendant **DoorDash, Inc.** ("DoorDash") from:

1. Deactivating Plaintiff's Dasher (driver) account for a third time absent good cause, and

2. Using, misusing, or sharing Plaintiff's **customer account data** to influence or make decisions regarding his status as a worker (whether W-2 or 1099), as Plaintiff never authorized such internal data sharing.

Plaintiff has suffered, and will continue to suffer, irreparable harm without injunctive relief, including the ongoing denial of a critical income source and the continued risk of retaliation and data misuse by Defendant.

---

## FACTUAL BACKGROUND

1. Plaintiff began performing delivery services for DoorDash in or around 2019. At that time, Plaintiff earned approximately **$600 per month** through DoorDash deliveries.

2. On or about 2019, DoorDash **wrongfully deactivated Plaintiff's account**, citing cause where none existed. Plaintiff appealed the decision, and years later following multiple appeals, and likely appeals staff, DoorDash admitted in writing that the prior deactivation was improper and restored his account.

3. Plaintiff continued his relationship with DoorDash until a **second deactivation** occurred. This time, the deactivation followed an incident on Plaintiff's **customer account**, in which a separate DoorDash driver stole Plaintiff's order. After Plaintiff voiced frustration with a DoorDash support agent, his **driver account was terminated again**.

4. Plaintiff never authorized DoorDash to **share or misuse his customer account information** in connection with his driver relationship. Using proprietary customer data in that way violated both his rights as a consumer and his rights as a worker.

5. Plaintiff now faces the imminent risk that DoorDash will **deactivate his account again,** now reinstated, based on retaliation, algorithmic triggers, or misuse of customer information, unless the Court intervenes.

---

## LEGAL STANDARD

Under **Fed. R. Civ. P. 65**, a party seeking injunctive relief must demonstrate:

1. A likelihood of success on the merits,

2. Irreparable harm absent an injunction,

3. The balance of equities tips in the movant's favor, and

4. The injunction is in the public interest.

(*Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008)).

---

## ARGUMENT

**I. Plaintiff is likely to succeed on the merits.**

- Plaintiff alleges **misclassification under the FLSA, retaliation under 29 U.S.C. § 215(a)(3)**, and **unenforceable arbitration under 9 U.S.C. § 1**.
- Courts have consistently held that gig-economy delivery workers are engaged in **interstate commerce** and may be exempt from mandatory arbitration under the FAA. See *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904 (9th Cir. 2020).
- Plaintiff has also shown that DoorDash acted **without cause** in deactivating his account, and improperly used his **customer account information** to make decisions about his work relationship.

**II. Plaintiff will suffer irreparable harm without an injunction.**

- Plaintiff has already lost more than **six years of reliable income** due to wrongful deactivation.

- Monetary damages alone cannot remedy the **loss of opportunity** and the ongoing **risk of retaliation** if DoorDash continues its practices unchecked.
- The Ninth Circuit recognizes that the loss of an income stream and reputational harm in employment or employment-like contexts may constitute irreparable harm.

### III. The balance of equities favors Plaintiff.

- Granting the injunction simply requires DoorDash to **refrain from wrongful conduct**: it will not suffer any hardship by maintaining Plaintiff's access absent legitimate cause for termination.
- Plaintiff, by contrast, faces **continued economic and professional harm** if DoorDash is allowed to persist in arbitrary deactivations and data misuse.

### IV. The public interest supports the injunction.

- Protecting workers from retaliation and misclassification advances **federal labor policy**.
- Ensuring that companies do not misuse **customer data** to affect employment relationships advances **consumer protection interests**.
- The injunction promotes **fair competition** and prevents abuse of algorithmic control in the gig economy.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court issue an Order:

1. **Temporarily restraining** Defendant from deactivating Plaintiff's driver account absent good cause;

2. **Preliminarily enjoining** Defendant, pending resolution of this case, from:
   - Deactivating Plaintiff's account without good cause, and
   - Using or sharing Plaintiff's customer account data to make decisions regarding his driver status;

3. **Permanently enjoining** Defendant from such conduct following a trial on the merits;

4. Awarding such other and further relief as the Court deems just and proper.

/s/ Daniel Doria
Daniel Doria
989 S Main St Ste A PMB 407
Clarkdale, AZ 86324
702-279-5326
danieldoria105@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of August, 2025, I caused the foregoing document to be served by electronic mail to the following address designated for service of process:

**legal@doordash.com**

Respectfully submitted,

_____

/s/Daniel T. Doria
Pro Se Plaintiff

# UNITED STATES DISTRICT COURT

# [DISTRICT OF ARIZONA]

**Daniel T. Doria,**
 Plaintiff,

v.

**DoorDash, Inc.,**
 Defendant.

Case No. _____

## [PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON PRELIMINARY INJUNCTION

Upon consideration of Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction, the Court finds that Plaintiff has demonstrated a likelihood of success on the merits, that he will suffer irreparable harm in the absence of temporary injunctive relief, that the balance of equities tips in his favor, and that the injunction is in the public interest.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant **DoorDash, Inc.** is immediately **restrained and enjoined** from:
    a. Deactivating Plaintiff's DoorDash driver account absent good cause; and
    b. Using, sharing, or misusing Plaintiff's DoorDash customer account information in any employment or contracting decision regarding his driver account.

2. This Temporary Restraining Order shall remain in effect until the Court rules on Plaintiff's Motion for Preliminary Injunction.

3. A hearing on Plaintiff's Motion for Preliminary Injunction is hereby set for:
    [Date], [Time], at [Courtroom Number], United States District Court, [District and

   **Division]**.

4. Defendant may file a written response to Plaintiff's Motion for Preliminary Injunction no later than **[X days before hearing]**. Plaintiff may file a reply no later than **[Y days before hearing]**.

5. Plaintiff shall promptly serve a copy of this Order, along with the Complaint and Motion for TRO/Preliminary/Permanent Injunction, on Defendant in accordance with Rule 65 and file proof of service with the Court.

IT IS SO ORDERED.

Dated: _____

_____

United States District Judge